**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE FORECLOSURE CASES.** | : | |
| | :     **Case Nos.** | **07-cv-166** |
| | | **07-cv-190** |
| | : | **07-cv-226** |
| | | **07-cv-279** |
| | : | **07-cv-423** |
| | | **07-cv-534** |
| | : | **07-cv-536** |
| | | **07-cv-642** |
| | : | **07-cv-670** |
| | | **07-cv-706** |
| | : | **07-cv-714** |
| | | **07-cv-727** |
| | : | **07-cv-731** |
| | | **07-cv-963** |
| | : | **07-cv-999** |
| | | **07-cv-1047** |
| | : | **07-cv-1091** |
| | | **07-cv-1119** |
| | : | **07-cv-1150** |
| | :     **Judge Holschuh** | |
| | : | |
| | : | |

**<u>ORDER TO SHOW CAUSE</u>**

The above listed cases, filed in this Court by various Plaintiffs as holders of a defaulted note and mortgage, are real property mortgage foreclosure actions. These foreclosure actions satisfy the jurisdictional requirements of 28 U.S.C. § 1332 because, in each case, the parties are citizens of different states and the amount in controversy exceeds $75,000. However, in light of an examination of the record in each case, it appears to this Court that Plaintiffs may not have been holders of the respective notes and mortgages under valid assignments at the time the complaints were filed, and

thus have no standing to bring these foreclosure actions. Additionally, the Complaint in each of these foreclosure actions fails to conform to this Court's General Order No. 07-03, which may mandate dismissal of these foreclosure actions.

## I.     Background

Plaintiffs are various banks and lending institutions who have filed these foreclosure actions to recover on defaulted notes and mortgages that the Plaintiffs allegedly hold. While such foreclosure actions have not typically been brought in federal court, the attorney of record for each Plaintiff ("Counsel") has begun filing a large number of these foreclosure actions in both the Southern and Northern Districts of Ohio on the basis of diversity jurisdiction. In response to this increase in foreclosure filings, the Southern District issued General Order No. 07-03 ("the Order"), which establishes uniform procedures for processing all foreclosure actions. Relevant to this Show Cause Order, the Order states that a foreclosure complaint "must be accompanied" by, among other things, "[e]vidence of record title to the subject property," Gen. Order No. 07-03 ¶ 1.2.1, "[a] full recorded copy of . . . any applicable assignments," id. at ¶ 1.2.4, and "[a]n affidavit documenting that the named plaintiff is the owner and holder of the note and mortgage." Id. at ¶ 1.2.5.

Counsel, representing numerous different Plaintiffs, has filed many foreclosure actions in this Court, twenty (20) of those having been assigned to the undersigned judge.[1] In all of these foreclosure actions, the recorded copy of the applicable assignment 1) indicated that the assignment of mortgage was executed after the Complaint was filed; and 2) was filed with the Court after the

---

[1] Defendants in 07-cv-178 filed a petition for bankruptcy on November 8, 2007, which results in an automatic stay of that case. Thus, this Show Cause Order does not apply to 07-cv-178, and all further references to "these foreclosure actions" refer only to the nineteen (19) foreclosure actions listed in this Show Cause Order.

Complaint was filed, in violation of ¶ 1.2.4 of the Order.  Furthermore, with one exception, the affidavit required by ¶ 1.2.5 of the Order was filed after the Complaint, not contemporaneously with it.

## II.    Applicable Law

### A.    Standing

A party seeking to bring a case into federal court "bears the burden of demonstrating standing and must plead its components with specificity." Coyne v. American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999); Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464 (1982).  The minimum Article III requirements for standing are proof of injury in fact, causation, and redressability.  Valley Forge, 454 U.S. at 472.  In addition, "the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted."  Coyne, 183 F.3d at 494 (quoting Pestrak v. Ohio Elections Commission, 926 F.2d 573, 576 (6th Cir. 1991)).  To satisfy the requirements of Article III, the plaintiff must show that he has personally suffered some actual injury as a result of the defendant's illegal conduct.  Valley Forge, 454 U.S. at 472; Coyne, 183 F.3d at 494.  Moreover, standing "is to be assessed under the facts existing when the complaint is filed."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n. 4 (1992).

Because the "core component" of the standing inquiry is rooted in Article III's Case or Controversy requirement, Lujan, 504 U.S. at 560, constitutional (as opposed to prudential) standing questions are jurisdictional in nature and thus may be raised sua sponte by the Court.  See, e.g., Juidice v. Vail, 430 U.S. 327 (1977); Community First Bank v. National Credit Union, 41 F.3d 1050, 1053 (6th Cir. 1994).

3

### B. Compliance with Local Rules and Orders

A validly enacted local rule or general order has the force of law, Weil v. Neary, 278 U.S. 160, 169 (1929), and Rule 83(a)(1) specifically authorizes district courts to "make and amend rules governing its practice." FED. R. CIV. P. 83(a)(1).  The Order's command that a foreclosure complaint "must" be accompanied by documents such as an affidavit and recorded assignment of mortgage would clearly appear to authorize a district court to dismiss, with or without prejudice, any complaint that failed to include these documents.

However, Rule 83(a)(2) restrains a district court's enforcement of its rules and orders. That section provides that "[a] local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights becaue of a nonwillful failure to comply with the requirement." FED. R. CIV. P. 83(a)(2).  The Advisory Committee Note makes clear that this limitation "is narrowly drawn - covering only violations attributable to nonwillful failure to comply and only those involving local rules directed to matters of form." FED. R. CIV. P. 83(a)(2) Advisory Committee Note to 1995 Amendments.  Willful failures to comply do not fall within Rule 83(a)(2)'s prohibition.

Local rules and orders also cannot conflict with the Federal Rules of Civil Procedure. Tiedel v. Northwestern Michigan College, 865 F.2d 88, 91 (6th Cir. 1988).  Interpreting General Order No. 07-03's command that the complaint "must" include certain materials as authorizing a district court to dismiss the complaint with or without prejudice for failure to do so cannot conflict with Rule 41(b), governing involuntary dismissal of suits.

Rule 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." FED. R. CIV. P. 41(b).

Despite its seemingly clear language, the Sixth Circuit "has recognized that Rule 41(b) provides courts the authority . . . to dismiss [sua sponte] a claim for 'failure of the plaintiff to prosecute or comply with these rules, or any order of the court.'" Sexton v. Uniroyal Chemical Co. Inc., 62 F. App'x 615, 618 (6th Cir. 2003) (unpublished) (quoting Harmon v. CSX Transp. Co., 110 F.3d 364, 366-67 (6th Cir. 1997).

While district courts have discretion to dismiss cases under Rule 41(b), the Sixth Circuit has identified four factors for courts to analyze when deciding whether to dismiss a complaint under Rule 41(b). Courts should consider "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the . . . party's conduct; (3) whether the . . . party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." Mulbah v. Detroit Bd. of Ed., 261 F.3d 586, 589 (6th Cir. 2001). When dismissing with prejudice, the Sixth Circuit generally urges restraint and frowns upon dismissing cases under Rule 41(b) for failure to comply with court orders. Dismissal without prejudice, however, is a more lenient sanction and the controlling standards are relaxed; however, a court should still consider the above four factors. Muncy v. G.C.R., Inc., 110 F. App'x 552, 555-56 (6th Cir. 2004). Thus, dismissing a complaint with prejudice for failure to comply with the Order would most likely violate Rule 41(b) as well as Rule 83(a)(2) because of the loss of Plaintiffs' rights. Dismissal without prejudice, however, would be within this Court's power under Rule 41(b).

### III. Analysis

#### A. Standing

As noted, Plaintiffs in these foreclosure actions have all submitted affidavits averring that

they are the holders of the notes and mortgages in question. However, in each foreclosure action, the recorded copies of the notes and mortgages identify the mortgagee and promisee as the original lending institution - one other than the named Plaintiff. Plaintiffs in all of these foreclosure actions have also filed a "Notice of Filing of Assignment of Mortgage."[2] In each case, however, the assignment of mortgage was executed and recorded <u>after</u> the Complaint was filed. This raises questions, then, about Plaintiffs' standing to bring these actions.

For an assignment to be valid at law, Ohio law requires a formal transfer executed pursuant to a statute. <u>See</u>, <u>e.g.</u>, 69 OHIO JUR. 3d <u>Mortgages and Deeds of Trust</u> § 464 (2007). Ohio statutes provide that a mortgage may be assigned by writing the assignment on the original mortgage or on the margin of the record of the mortgage, R.C. § 5301.31, or by a separate instrument that is properly acknowledged. R.C. § 5301.32. Ohio law also recognizes an equitable assignment of a mortgage, however, that may transfer legal title in the absence of a formal assignment. <u>See</u> 69 OHIO JUR. 3d at § 461.

Plaintiffs in these foreclosure actions have presented evidence of formal assignments by separate instrument <u>after</u> the dates the Complaints were filed. Aside from their affidavits, however, Plaintiffs have not presented any evidence of any assignment, legal or equitable, that was executed <u>before</u> the Complaints were filed. Without such evidence, Plaintiffs' affidavits do not carry their burden to plead standing. The Plaintiffs "bear[] the burden of demonstrating standing <u>and must plead its components with specificity</u>," <u>Coyne</u>, 183 F.3d at 494 (emphasis added). Plaintiffs have

---

[2] Plaintiffs in 07-cv-1150 have not filed such Notices with the Court, in violation of the Order. The chain of title report that Plaintiff filed with their Complaint, however, does not identify the Plaintiff as the holder of the note and mortgage, and thus the same standing questions exist as to these Plaintiffs.

not submitted any documentary evidence of assignments, legal or equitable, that were executed before the respective Complaints were filed and would thus confer standing on Plaintiffs.

The formal assignments executed by separate instrument that Plaintiffs have filed with the Court, and the lack of any evidence of earlier legal or equitable assignments, then, indicates to the Court that Plaintiffs may not have been the holders of the respective notes and mortgages under valid assignments at the time the respective Complaints were filed. If Plaintiffs truly did not hold the respective notes and mortgages under valid assignments at the time the respective Complaints were filed, then Plaintiffs do not have standing to bring these foreclosure actions and the Complaints should be dismissed without prejudice.

### B. Noncompliance with the Order

Counsel's failure to comply with the Order's requirements in these foreclosure actions could be considered willful. Counsel is responsible for filing virtually all the foreclosure actions currently on this Court's docket, and the fact that all these foreclosure actions, in some way, violate the Order is strong evidence of a willful disregard of this Court's Order, of which Counsel had notice. The assignments of mortgage were evidently all executed within days of filing the respective Complaints, and thus there simply seems to be no reason why Counsel and Plaintiffs could not have waited a few days to file their Complaints in accordance with the Order.

Furthermore, the Sixth Circuit has held that courts may look to an attorney's actions in other cases to determine the extent of his or her good faith in a particular action. See Capital Indemnity Corp. v. Jellinick, 75 F. App'x 999, 1002 (6th Cir. 2003). This Court notes, then, that several other judges in both the Southern and Northern Districts of Ohio have taken issue with Counsel's conduct in filing these foreclosure actions. See, e.g., In re Foreclosure Cases, No. 07-CV-43, et. al., slip op.

(S.D. Ohio Nov. 15, 2007) (Rose, J.); <u>Household Realty Corp. v. Petruccelli</u>, No. 07-CV-2766 (N.D. Ohio Nov. 1, 2007) (Dowd, J.); <u>In re Foreclosure Cases</u>, No. 07-CV-2282, et. al., slip op. (N.D. Ohio Oct. 31, 2007) (Boyko, J.).  In one of these foreclosure actions, moreover, the court noted that "the attorney who has filed the twenty-six (26) foreclosure complaints has informed the Court on the record that he knows and can comply with the filing requirements found in General Order 07-03." <u>In re Foreclosure Cases</u>, No. 07-CV-43 *6 (Rose, J.).  While dismissal with prejudice is not warranted, the sanction of dismissal without prejudice would not be, in the opinion of this Court, an abuse of this Court's discretion.

**IV.     Conclusion**

The Court realizes that no party has raised these issues.  Accordingly, the Court **ORDERS** counsel for the named Plaintiffs to submit a memorandum of law within 15 days of the date of this Order showing why these foreclosure actions should not be dismissed without prejudice, either for lack of standing or for failure to comply with General Order No. 07-03.

**IT IS SO ORDERED.**


Date: November 27, 2007                                         **/s/ John D. Holschuh**
                                                                John D. Holschuh, Judge
                                                                United States District Court